**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>Defendant. | ) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

**STATEMENT OF FACTS**

5. On March 9, 2015, Plaintiff submitted a FOIA request to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), a component of DOJ, seeking the following:

> Any and all records of communications, including but not limited to, emails, to or from employees or officials of the ATF regarding, concerning, or related to the decision to revise the ATF 2014 Regulation Guide to no longer exempt 5.56 mm. SS109 and M855 (i.e., "green tip" AR-15) ammunition from the definition of "armor-piercing" ammunition.

The time frame of this request was identified as March 9, 2014 to March 9, 2015.

6. According to U.S. Postal Service records, ATF received the request on March 31, 2015.

7. As of the date of this Complaint, Defendant has failed to: (i) formally acknowledge the request or assign it a FOIA control number; (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (iii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iv) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**

**Violation of FOIA, 5 U.S.C. § 552**

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

10. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within thirty (30) working days of receiving the request at the latest. Accordingly, Defendant's determination was due on or about May 1, 2015. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See, e.g., Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

11. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of

attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 4, 2017

Respectfully submitted,

*s/ Chris Fedeli*

Chris Fedeli
D.C. Bar No. 472919
**JUDICIAL WATCH, INC.**
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*